BROUSSARD, J.
I concur in the decision of this court to affirm the judgment of guilt, but to reverse the penalty of death. Under the circumstances of this case I believe that the trial court should have instructed the jury that it could not consider other crimes as aggravating factors at the penalty trial unless it was convinced beyond a reasonable doubt that defendant committed such crimes. Failure to give that instruction, in connection with other errors at the guilt and penalty trials, requires reversal of the judgment of death.
The majority opinion derives its statement of the controlling rule from People v. Stanworth (1969) 71 Cal.2d 820, 840 [80 Cal.Rptr. 49, 457 P.2d 889], where we said that “a defendant during the penalty phase of a trial is entitled to an instruction to the effect that the jury may consider evidence of other crimes only when the commission of such other crimes is proved beyond a reasonable doubt.” (Ante, at p. 53.) In my view, the Stanworth language is imprecise and overbroad, at least as to cases tried under the 1977 statute. Under the relevant statutory language and decisions of this court, a reasonable doubt instruction should be required only when evidence of other crimes is introduced or referred to as an aggravating factor pursuant to former Penal Code section 190.3, subdivision (b). When such evidence is introduced and used only for other purposes, a defendant is not entitled to a reasonable doubt instruction, but may be entitled to an instruction limiting the use of that evidence to the purpose for which it was admitted.
Former Penal Code section 190.3 permitted the prosecutor, as an aggravating factor, to present evidence of “[t]he presence ... of criminal activity by the defendant which involved the use or attempted use of force or violence or the expressed or implied threat to use force or violence.” Such evidence need have no relationship to the crime charged. Its purpose is to depict defendant as a violent criminal deserving of the death penalty. In that setting, an instruction requiring the jury to determine beyond a reasonable doubt whether defendant in fact committed the uncharged crime is fully warranted, since “evidence of other crimes . . . may have a particularly damaging impact on the jury’s determination whether the defendant should be executed.” (People v. Polk (1965) *61 63 Cal.2d 443, 450 [47 Cal.Rptr. 1, 406 P.2d 641]; see People v. McClellan (1969) 71 Cal.2d 793, 804-806 [80 Cal.Rptr. 31, 457 P.2d 871].)[1]
Evidence of other crimes, however, is often offered at the guilt trial to prove intent, knowledge, identity, and other relevant facts (Evid. Code, § 1101, subd. (b)[2]); it may also be admissible as part of the circumstances of the commission of the charged crime (see Witkin, Cal. Evidence (1966) § 348). In a sanity trial, expert witnesses explaining the basis for their opinion on sanity often refer to incidents of uncharged criminal behavior. Finally, even at the penalty trial, evidence of uncharged crimes may be admitted not to prove an aggravating factor under subdivision (b), but to show “the circumstances of the crime of which the defendant was convicted in the present proceeding” (former Pen. Code, § 190.3, subd. (a)), or that his mental faculties were impaired at the time of its commission (subd. (g)).
When evidence is offered for any of these purposes — indeed, for any pupose other than to show an uncharged crime as an aggravating factor — there is no reasonable doubt standard to be met before the jury can consider that evidence. Although some cases may speak broadly of any evidence of other crimes, all decisions requiring a reasonable doubt instruction involve evidence either presented (e.g., People v. Stanworth, supra, 71 Cal.2d 820, 840-841; People v. Polk, supra, 63 Cal.2d 443, 450-451) or utilized (People v. McClellan, supra, 71 Cal.2d 793, 806) at the penalty phase to convince the jury of defendant’s violent character. On the other hand, we have reviewed many automatic appeals in which evidence of other criminal acts has been admitted to prove intent, identity, diminished capacity or insanity, or as part of the circumstances of the charged offense, without discussing the need for a reasonable doubt instruction.
I note, moreover, that under the 1977 law, evidence of uncharged crimes properly admitted at the guilt or sanity phase must be considered by the penalty jury. Former Penal Code section 190.4, subdivision (d), specifies that “[i]n any case in which the defendant may be subjected to the death penalty, evidence presented at any prior phase of the trial, including any proceeding upon a plea of not guilty by reason of insanity . . . , shall be considered at any subsequent phase of the trial, if the trier of fact of the prior phase is the same trier of fact at *62 the subsequent phase.” (Italics added.) A judicially created rule barring consideration of previously introduced evidence of other crimes unless it meets a reasonable doubt standard would appear to contravene former section 190.4.
In short, by barring consideration of evidence of uncharged crimes, the rule as stated by the majority appears both to bar the proper use of such evidence and to violate former section 190.4, subdivision (d). These difficulties can be overcome if, instead of instructing a juror that he may not “consider evidence” of other crimes, the court instructed him that he may not take such crimes into account as an aggravating factor unless he is convinced beyond a reasonable doubt that defendant committed those crimes. Phrased in this fashion, the instruction would leave the juror free to consider such evidence as it may bear on other factors affecting the penalty.
In the present case, the majority opinion emphasizes Kim P.’s testimony that defendant confessed to killing two other persons. The trial court admitted Kim P.’s testimony as probative of defendant’s mental state in committing the charged murders; the evidence of defendant’s confession was simply part of the circumstances of his assault on Kim P. I agree with the majority that the evidence should have been excluded under Evidence Code section 352 on the ground that its prejudicial effect outweighed any probative value. But when the evidence was admitted, defendant should have requested—and the court should have given—an instruction informing the jurors that the evidence was admitted for a limited purpose only, and could not be .used to prove defendant committed two prior killings.[3] Since the confession to Kim P. was not mentioned at the penalty phase, such an instruction would have been sufficient to protect defendant.
The prosecutor did refer to the Kim P. incident itself at the penalty phase. In reviewing the statutory aggravating and mitigating factors, he began with item (b)—violent criminal activity—and spoke of defendant’s violent past. “You have the testimony and you have a certified court docket that shows that he did, in fact, rape a person and he used force and violence upon that person.” He returned to the same theme: “Andrew Robertson committed a rape in the past that involved force and violence against another person . . . .”
In fact, defendant was not convicted of rape in the Kim P. matter, but of forcible oral copulation. We do not know whether the prosecutor confused the facts, used the term “rape” in a broad sense to include any sexual assault, or meant to suggest that defendant committed a rape for which he was not convicted. If the prosecutor had referred only to the crime of forcible oral copulation, a reasonable doubt instruction would not be appropriate since defendant *63 had been found guilty of the crime. But since the prosecutor spoke of a crime, rape, for which defendant had not been convicted, a reasonable doubt instruction should have been given.
In addition to my concern about the instruction on reasonable doubt, I am also troubled by the majority’s discussion of prejudicial error. The majority quote from cases decided during the 1960’s (People v. Hines (1964) 61 Cal.2d 164, 169 [37 Cal.Rptr. 622, 390 P.2d 398]; People v. Hamilton (1963) 60 Cal.2d 105, 135-137 [32 Cal.Rptr. 4, 383 P.2d 412]) which stress the impossibility of determining whether any particular factor may have influenced one of the twelve jurors to vote for the death penalty. That language, however, was prompted by the fact that the jury at the time those cases were decided was required to decide the question of penalty “without benefit of guideposts, standards, or applicable criteria.” (People v. Hines, supra, 61 Cal.2d at p. 168, quoting People v. Terry (1964) 61 Cal.2d 137, 154 [37 Cal.Rptr. 605, 390 P.2d 381].) It does not apply with equal force to verdicts under the statute with constitutionally sufficient standards to guide jury discretion. We may still use the “any substantial error” test developed in the cited cases, but “substantiality” now should imply a careful consideration whether there is any reasonable possibility that an error affected the verdict. We cannot, I submit, avoid that analysis on the grounds that no one knows what seemingly insignificant factor might have tipped the scales in the mind of a single juror.
The question of prejudicial error is a close one. Considering the cumulative effect of all of the errors identified by the majority—the erroneous admission of Kim P.’s testimony concerning the claim of two prior murders; the failure to give a reasonable doubt instruction as to prior criminal acts as an aggravating factor; the prosecution’s erroneous assertion that the jury may not consider sympathy, compassion or defendant’s background in fixing the penalty—I would find a reasonable possibility that the penalty verdict was affected. I therefore concur in reversing the judgment as to penalty.

People v. Easley (1982) post, page 65 [187 Cal.Rptr. 745, 654 P.2d 1272], is an excellent example. In that case the prosecution presented evidence at the penalty phase to prove defendant committed arson in Nevada, evidence which was admissible only to prove an aggravating factor under former section 190.3, subdvision (b). Under those circumstances, although the majority and dissenting justices differed on the adequacy of the instruction given, they agreed that some instruction on reasonable doubt was necessary.

Section 1101, subdivision (b), permits admission of “evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident) other than his disposition to commit such acts.”

Defendant has the burden of requesting such a limiting instruction. (People v. Collie (1981) 30 Cal.3d 43, 64 [177 Cal.Rptr. 458, 634 P.2d 534].)